**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN J. SIMONI, : | |
|     Plaintiff, : | |
| : | Civil Action No. 11-7528(FLW-LGH) |
| v. : | |
| : | **OPINION** |
| MERIDIAN HEALTH SYSTEMS, INC., : | |
| MERIDIAN HOSPITALS CORP., : | |
| MERIDIAN HEALTH, JERSEY SHORE : | |
| UNIVERSITY MEDICAL CENTER, and : | |
| CERIDIAN BENEFITS SERVICES, INC. : | |
| et. al. : | |
|     Defendants. : | |

**WOLFSON, United States District Judge**:

    Presently before the Court is the appeal of Plaintiff Stephen J. Simoni ("Plaintiff"), arising out of a claim for the imposition of penalties under Section 502(c) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(c), against Defendant Meridian Health Systems, Inc., Meridian Hospitals Corp., Meridian Health, Jersey Shore University Medical Center, and Welfare Benefit Plan of Meridian Health (collectively "Meridian"), as well as Ceridian Benefits Services, Inc. ("Ceridian") (collectively "Defendants"). Plaintiff appeals the December 2, 2013 Order of the Magistrate Judge, Dkt. No. 86 ("the Order"), denying in part his Motion for Leave to File a Third Amended Complaint. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court **AFFIRMS** the Magistrate Judge's Order in its entirety.

1

I.  **BACKGROUND**

The parties are intimately familiar with the underlying facts in this matter. Thus, the Court will briefly recite only those facts relevant to the instant appeal. In August, 2010, Plaintiff began work as a nurse at Jersey Shore University Medical Center, a part of the Meridian Group. As a Medical Center employee, Plaintiff enrolled in Meridian's Health Team Member Benefit Plan ("the Plan"). Plaintiff elected coverage for himself under the Plan, but declined coverage for his spouse, Mr. Sacchi ("Sacchi"). Two months later, Plaintiff was fired. Unfortunately, during the following months, while both Plaintiff and Sacchi were not insured under the Plan, they each incurred a number of medical expenses.

During this same period, Plaintiff was eligible to elect continued health care coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-1168. See 29 U.S.C. § 1161 (stating that qualified beneficiaries who lose coverage under their employer-health plan as a result of a qualifying event[1] are "entitled, under the plan, to elect, within the election period,[2] continuation coverage under the plan"). When an employee is fired, a COBRA notice form must be sent within forty-four days of termination. 29 U.S.C. § 1166(b). Here, Plaintiff claims never to have received a COBRA notice, and thus alleges that he was unable to elect continued coverage within the election period. In December, 2011, more than a year after Plaintiff's termination, counsel for Plaintiff advised Meridian that Plaintiff had not received a COBRA notice, and requested that the form be sent. (Dkt. No. 55). Plaintiff claims not to have received the requested COBRA notice after his counsel's communication with

---

[1] Plaintiff's termination was a "qualifying event" under COBRA. 29 U.S.C. § 1163(2).
[2] The COBRA election period begins on the date of the qualifying event. 29 U.S.C. § 1165(a)(1)(A). The election period must be at least sixty days, and it cannot end earlier than sixty days after the latter of: (i) the qualifying event; or (ii) in the case of any qualified beneficiary who receives notice under Section 606(4), 29 USCS § 1166(a)(4), the date of such notice.

2

Meridian, and accordingly, on December 28, 2011, filed a complaint, alleging that Meridian's failure to provide the COBRA notice violated his rights under ERISA Section 502, 29 U.S.C. § 1132, and that he suffered damage as a result. (Dkt. No. 21).

On March 6, 2012, Ceridian sent a COBRA notice to Plaintiff and his eligible dependents, advising Plaintiff that he was entitled to continuation coverage effective November 1, 2010. (Dkt. No. 68-1 at 6). The notice further advised Plaintiff of the monthly cost for his COBRA coverage and provided that if Plaintiff wished to elect coverage, he was required to complete and return an enclosed election form. (Id.) Lastly, the notice advised Plaintiff that incomplete elections would be treated as an election for coverage as offered in the notice, which, in Plaintiff's case, was the same coverage he had had while employed. (Id.) After receiving the notice, Plaintiff failed to elect coverage during the COBRA election period, and, as a result, Ceridian elected to continue single coverage for him. (Dkt. No. 68-1 at 11). In summary, because Plaintiff had not elected coverage for Sacchi while employed, and Plaintiff made no subsequent election after having received the COBRA notice, Sacchi was not added as a beneficiary of the Plan when Ceridian elected continuation of Plaintiff's single coverage. See 26 C.F.R. § 54.4980B-5 (explaining that COBRA continuation coverage is ordinarily the same coverage that the qualified beneficiary had on the day before the qualifying event). Subsequently, in June, 2012, Plaintiff became ineligible for further COBRA coverage after he failed to pay the required premiums. (Dkt. No. 68-1 at 13).

Plaintiff filed a Second Amended Complaint on September 25, 2012, asserting a single cause of action against Meridian and Ceridian under ERISA Section 502(c), 29 U.S.C. §1132(c), for their failure to provide the COBRA notice within forty-four days of Plaintiff's termination. After numerous settlement and scheduling conferences, the Magistrate Judge issued an order

3

setting October 26, 2012, as the last day on which to amend pleadings or to add new parties, and explaining that discovery would remain open until January 31, 2013. (Dkt. No. 35). Fact discovery was later extended to March 29, 2013. (Dkt. No. 50). However, despite the clear deadlines set by the Magistrate Judge, Plaintiff filed a belated Motion for Leave to File a Third Amended Complaint on May, 31, 2013. Plaintiff sought: (1) the addition of his spouse, Sacchi, as a co-plaintiff; (2) the inclusion of a claim for benefits against Meridian under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (3) the inclusion of a claim for breach of fiduciary duty against Meridian and Ceridian under ERISA Section 404, 29 U.S.C. § 1104; and (4) the inclusion of a claim for co-fiduciary liability against Meridian and Ceridian under ERISA Section 405, 29 U.S.C. § 1105.

After thoroughly considering the arguments from both sides, the Magistrate Judge found that: (1) the proposed amendment to add Sacchi as co-plaintiff would be futile, unduly prejudicial, and unduly burdensome; (2) the claim against Meridian under ERISA Section 502(a)(1)(B) would be futile; and (3) the claims against Ceridian under ERISA Section 404 and 405 would be futile. The Magistrate Judge did, however, permit the claims against Meridian under Section 404 of ERISA to be added. Plaintiff then filed the instant appeal.

## II.   STANDARD OF REVIEW

A district court reviews decisions on nondispositive matters[3] by a magistrate judge under the "clearly erroneous or contrary to law" standard. Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72. A decision is

---

[3] A motion to amend a complaint is nondispositive. Miller v. Beneficial Management Corp., 844 F. Supp. 990, 997 (D.N.J. 1993).

clearly erroneous "when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citation omitted). A decision is contrary to law when it misinterprets or misapplies the law. Id. Under this standard, "the magistrate judge is accorded wide discretion," NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir. 1992), and "the party filing the [appeal] bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

As an initial matter, Plaintiff, relying on Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005), asserts that this Court should review the decision of the Magistrate Judge de novo because rejecting a proposed amendment on futility grounds constitutes a dispositive ruling. (Pl. Br. at 1, n. 1). Although this argument marshals support from at least one other district court opinion from another circuit,[4] courts in this district have consistently declined to apply a de novo standard to motions to amend, even when denial of leave to amend is premised upon futility. See e.g., U.S. v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 314 n. 5 (D.N.J. 2009) ("[A] determination of futility does not require a determination of the merits, and may only serve as the basis for denial of leave to amend where the proposed amendment . . . advances a claim that is legally insufficient on its face . . . . Thus, [the] determination of futility [is] not a determination on the merits. . . . Accordingly, [the magistrate judge's] decision was not dispositive. Because [it] was not dispositive, the clearly erroneous or contrary to law standard of review applies.") (citation and quotations omitted); Miller, 844 F. Supp. 990, 997 (D.N.J. 1993);

---

[4] See e.g., Am. Ins. Co. v. St. Jude Medical, Inc., 597 F. Supp. 2d 973, 977 (D. Minn. 2009) (observing that while a magistrate appeal is normally reviewed under the clearly erroneous or contrary to law standard, "a motion denied as futile . . . is reviewed de novo.")

5

Am. Fire and Cas. Co. v. Material Handling Supply, Inc., No. 06-1545, 2007 WL 2416434 at *1 (D.N.J. Aug, 16, 2007); Falzo v. Cnty. Of Essex, No. 03-1922, 2005 WL 2129927, at *2 (D.N.J. Aug. 31, 2005). Accordingly, the Court will apply the "clearly erroneous or contrary to law" standard in reviewing the Magistrate Judge's decision.

It bears repeating that Plaintiff must meet a high burden in the present appeal. Under the "clearly erroneous or contrary to law" standard, a district judge's "simple disagreement with the magistrate judge's findings is insufficient" to bring about a reversal. Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). Moreover, a district court will not reverse a magistrate judge's finding even "in circumstances where the court might have decided the matter differently." Bowen v. Parking Auth. of City of Camden, No. 00-5765 (JBS), 2002 U.S. Dist. LEXIS 14585, at *3 (D.N.J. July 30, 2002).

### III. DISCUSSION

#### A. *Amendment to add Sacchi as a co-plaintiff*

Plaintiff first challenges the Magistrate Judge's finding that adding Sacchi as a co-plaintiff would be futile because Sacchi lacks standing under ERISA. (See Pl. Br. at 9-10). In determining the futility of an amendment, courts apply "the same standard of legal sufficiency [that] applies under Rule 12(b)(6)." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). A court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). In the instant matter, the Magistrate Judge determined that Plaintiff's

proposed amendment would be futile because Plaintiff does not allege that Sacchi was a participant in or beneficiary of Plaintiff's Plan, as required to establish standing to sue under §§ 502(a)(1), (a)(3) of ERISA. 28 U.S.C. §§ 1132(a)(1), (a)(3). On the contrary, the Magistrate Judge found that Plaintiff concedes that Sacchi is not now and never has been a beneficiary of Plaintiff's Plan, but rather relies on the allegation that Sacchi was "eligible to join the Plan" and, <u>but for</u> Defendants' failure to provide timely COBRA notice, Plaintiff would have added Sacchi as a beneficiary. (Order at 10). While the Third Circuit recognizes a "but for" exception to the statutory standing requirements under ERISA, it is clear for the reasons that follow that Sacchi does not fall within it. As it is undisputed that Sacchi was never made a beneficiary to Plaintiff's Plan, and the Court now finds that no exception to the statutory standing requirement applies, the Magistrate Judge did not err in denying Plaintiff's request to add Sacchi as a co-plaintiff, and her decision is affirmed.

ERISA's statutory standing requirements provide in § 502(a)(1) and (3) that a civil action may only be brought:

> (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(1), (a)(3). The terms "participant" and "beneficiary" are defined in ERISA Section 3(7)-(8):

> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

7

> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(7)-(8). Here, Plaintiff does not contend that Sacchi was a participant under the Plan. Instead, Plaintiff rests solely on the allegation that Sacchi, as a member of Plaintiff's family, qualified as a beneficiary under the Plan during the period after Plaintiff's coverage terminated, despite Plaintiff's failure to ever elect coverage for Sacchi.

In support of his position, Plaintiff relies upon the decision of the Third Circuit in Bixler v. Central Penn. Teamsters Health & Welfare Fund, 12 F.3d 1292 (3d Cir. 1993). In that case, the Circuit reversed the district court's dismissal of the claims of Mrs. Bixler, the widow of an ERISA plan participant, against the plan administrator for breach of fiduciary duty. The Circuit reversed the district court despite the fact that at the time of Mrs. Bixler's claim against the Plan, Mr. Bixler's coverage had lapsed, Mrs. Bixler was no longer a named beneficiary, and, accordingly, Mrs. Bixler "had no direct entitlement to the medical or death benefits under . . . the COBRA provisions." Bixler, 12 F.3d at 1301. Mrs. Bixler argued that her failure to elect COBRA coverage was due to the plan administrator's failure to provide her with complete and accurate information to which she was entitled under ERISA after she directly requested the information from one of the administrator's agents. Id. It would, accordingly, be unjust to deprive her of standing to sue the administrator on the basis of a failure to elect coverage that the administrator, through its delayed dissemination of inaccurate information, helped bring about. Id. at 1296. The Third Circuit agreed, in part,[5] and remanded the case to the district court for adjudication of Mrs. Bixler's claims for breach of fiduciary duty under § 502(a)(3)(B).

---

[5] See explanation of the holding in Bixler in Subsection B, infra.

Plaintiff is mistaken in his reliance upon Bixler because the facts of that case are clearly distinguishable. Firstly, Mrs. Bixler actually made a direct request of her deceased husband's former plan administrator for information concerning her ability to elect coverage after plan termination.[6] More importantly, Mrs. Bixler had been designated as a beneficiary of Mr. Bixler's coverage under his medical, disability, and life insurance plans during Mr. Bixler's period of employment and before Mr. Bixler's coverage lapsed. Id. at 1294. The plan administrator's alleged failure to accurately respond to Mrs. Bixler's inquiries, which included the administrator's failure to inform Mrs. Bixler of her rights to extended coverage under COBRA, deprived her of the opportunity to extend coverage she had previously enjoyed, rather than merely depriving her of the opportunity to elect new coverage. The problem identified by the circuit court was that she could not remain a beneficiary, not that she never had the chance to become one. The Third Circuit explained the significance of this distinction in Frank W. Leuthner v. Blue Cross & Blue Shield of Ne. Pa.:

> A plan administrator's alleged ERISA violation should not be the means by which the plan is able to insulate itself from suits arising from the alleged violation. We will not read ERISA so myopically. As the Sixth Circuit observed, "ERISA should not be construed to permit the fiduciary to circumvent his ERISA-imposed fiduciary duty in this manner." Swinney, 46 F.3d at 518–519. Therefore, in the proper case, we may find that a plaintiff has statutory standing if the plaintiff can in good faith plead that she was an ERISA plan participant or beneficiary and that she still would be but for the alleged malfeasance of a plan fiduciary.

454 F.3d 120, 129 (3d Cir. 2006). In short, the Third Circuit recognized a narrow exception to the ERISA statutory standing requirements of § 502(a)(1) and (3) in cases where a plaintiff can

---

[6] In Bixler, the Third Circuit adopted the rule enunciated by the D. C. Circuit in Eddy v. Colonial Life Ins. Co., 919 F.2d 747 (D.C. Cir. 1990). "Once an ERISA beneficiary has requested information from an ERISA fiduciary who is aware of the beneficiary's status and situation, the fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance." Bixler, 12 F.3d at 1300. Here, there is no allegation that Sacchi ever was a beneficiary or made an independent inquiry of Defendants, which would grant the type of cause of action for breach of fiduciary duty that the circuit court found in Bixler.

9

plead both 1) that he was a plan beneficiary and 2) that he would still be a beneficiary but for the alleged wrongdoing of the plan administrator.

In the case at bar, Plaintiff has pleaded only the second element of the Third Circuit's "but for" ERISA standing exception, namely that Plaintiff would have named Sacchi as a beneficiary if he had received timely COBRA notice from Meridian. Unlike the Plaintiff in Bixler, Sacchi was never made a beneficiary under the Plan. (Order at 10). As observed by the Magistrate Judge, Plaintiff chose not to elect coverage for Sacchi while he was actively employed by Meridian, and again did not elect coverage for Sacchi after receiving the admittedly belated March 2012 COBRA notice. Id. In the absence of any applicable exception to ERISA's statutory standing requirements, Sacchi can only proceed as a plaintiff either as a plan participant or plan beneficiary. It is undisputed that he is not and never has been either. Accordingly, the Court agrees with the Magistrate Judge that Sacchi lacked standing under ERISA and finds no error in the Magistrate Judge's Order denying Plaintiff leave to amend to add Sacchi as a co-plaintiff on the basis of futility.

Plaintiff also objects to the Magistrate Judge's finding that adding Sacchi as a co-plaintiff would result in undue delay in the proceedings and prejudice to the defendants. Undue delay may exist when there has been a previous opportunity to amend the complaint, and the plaintiff fails to give a sufficient reason for failing to do so. USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004). Similarly, undue prejudice may exist if the proposed amendment would prejudice the other party because of additional discovery, cost, or preparation to defend against new theories. Cureton v. Nat'l Coll. Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). On appeal, Plaintiff argues that the Magistrate Judge clearly erred because this case concerns the medical expenses of Plaintiff's entire family, including Sacchi. Adding Sacchi as co-plaintiff, therefore, "would have

10

no appreciable effect on the proceeding."[7] (Pl. Rep. Br. at 11). Yet, other than this bare assertion, Plaintiff provides the Court with neither new facts nor precedent to overturn the Magistrate Judge's decision.

Here, the Magistrate Judge found that the proposed amendment would unduly delay the proceedings because: (1) the motion to amend was filed eighteen months after the Complaint was originally filed; (2) the facts necessary for the proposed amendment were known to Plaintiff well before the inception of the lawsuit; and (3) Plaintiff offered no explanation for the delay. (Order at 11). The Court finds no error in this analysis, much less clear error. Ample precedent supports the Magistrate Judge's finding of undue delay. See e.g., Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (finding undue delay where plaintiff sought leave to amend three years after filing the complaint and offered no explanation of the delay); Graham v. Progressive Direct Ins. Co., 271 F.R.D. 112, 121 (W.D. Pa. 2010) (denying leave to amend where Plaintiff previously knew the facts necessary for the proposed claim and sought leave to amend eight months after the last day to amend pleadings).

Similarly, the Magistrate Judge found that the proposed amendment would unduly prejudice Defendants because: (1) the motion to amend was filed more than seven months after the deadline to amend pleadings; (2) discovery had been underway for over a year and had been extended numerous times; and (3) the addition of Sacchi would likely result in still more

---

[7] Plaintiff also emphasizes that initially, no Defendant raised concerns of undue prejudice or undue delay. (See Pl. Br. at 5-6; Pl. Rep. Br. at 8-9). To the extent that this argument challenges the Magistrate Judge's finding on the grounds that it was sua sponte, it is without merit. Regardless of which party bears the burden of persuasion for motions to amend, the decision to grant or deny the motion is within the sound discretion of the court. Harrington v. Lauer, 893 F. Supp. 352, 358 (D.N.J. 1995) (citing Foman v. Davis, 378 U.S. 178, 182 (1962)). Thus, it was well within the Magistrate Judge's discretion to consider the issues of prejudice and delay, despite Defendants' failure to raise those issues.

discovery. (Order at 11-12). the Court finds no error in this analysis. In any proceeding claiming insurance benefits or ERISA penalties, the addition of a new plaintiff/beneficiary almost certainly requires additional discovery. Here, given that discovery has been ongoing for over a year, and that Plaintiff sought leave to amend seven months after the Magistrate Judge's deadline, it is entirely reasonable to find that Defendants would be prejudiced by the addition of Sacchi as co-plaintiff. See e.g., In re Bristol-Myers Squibb Secs. Litig., 228 F.R.D. 221, 229 (D.N.J. 2005) (finding undue prejudice where significant discovery had been completed and plaintiff sought leave to amend after the deadline to amend pleadings expired). Ultimately, Plaintiff's arguments amount to nothing more than a disagreement with the Magistrate Judge. Such a disagreement "is insufficient to meet [Plaintiff's burden under] the clearly erroneous standard." Andrews, 191 F.R.D. at 68. Therefore, the Court affirms the Magistrate Judge's denial of leave to amend the Complaint to add Sacchi as a co-plaintiff.

### B. *Amendment to add a claim against Meridian under ERISA § 502(a)(1)(B)*

Plaintiff next challenges the Magistrate Judge's determination that the proposed claim for benefits against Meridian under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), would be futile. As discussed in Subsection A, supra, in determining the futility of an amendment, courts apply "the same standard of legal sufficiency [that] applies under Rule 12(b)(6)." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). A court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). In the instant matter, the Magistrate Judge determined that Plaintiff's proposed amendment would be futile because Plaintiff failed to allege an essential element of his claim under § 502(a)(1)(B); namely, that he

12

actually paid the required COBRA premiums. (Order at 12-13). The Court agrees that the proposed amendment did not state a claim, and accordingly affirms the decision of the Magistrate Judge.

In relevant part, § 502(a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). A plaintiff seeking to recover under this provision "must demonstrate that the benefits are actually 'due'; that is . . . she must have a right to benefits that is legally enforceable against the plan." Hooven v. Exxon Mobil Corp., 465 F.3d 566, 574 (3d Cir. 2006). Importantly, "benefits must have 'vested' in order to become legally due." Id. In the case of a terminated employee, such as Plaintiff, benefits are governed by COBRA, which provides the right to limited continuation of coverage, at the employee's expense, under the former employer's group health insurance plan. 29 U.S.C. § 1161(a). Under COBRA, health plans may require timely payment of premiums for the continuation of coverage, 29 U.S.C. § 1162(3), and the failure to pay these premiums may result in the termination of coverage. 29 U.S.C. § 1163(2)(C).

In the present case, it is undisputed that Plaintiff failed to pay the required COBRA premiums. He was not legally entitled to benefits under the Plan because of his nonpayment. Yet, Plaintiff asserts that his claim under § 502(a)(1)((B) is not barred because his failure to pay was caused by Defendants' failure to provide the required COBRA notices and enrollment materials, in violation of their fiduciary duties. (Pl. Br. at 15). To support this position, Plaintiff again relies on the Third Circuit's decision in Bixler. According to Plaintiff, in that case the Third Circuit "gave short shrift" to the argument that a plaintiff's failure to enroll in coverage during the COBRA coverage period precludes recovery under § 502(a)(1)(B). (Pl. Br. at 16). Thus, in Plaintiff's view, the Magistrate Judge committed clear error by ignoring this precedent and

finding that Plaintiff's claim under § 502(a)(1)(B) would be futile. (Pl. Rep. Br. at 1). Plaintiff is mistaken.

Revisiting the facts of Bixler, the plaintiff, Mrs. Bixler, sought to bring a claim for recovery of benefits against her deceased husband's health plan. Bixler, 12 F.3d at 1296. Mrs. Bixler failed to elect COBRA coverage, but claimed her failure was caused by the plan administrator's material misrepresentations regarding coverage. Id. At trial, the district court construed Mrs. Bixler's claim as arising under § 502(a)(1)(B), and granted summary judgment to the defendants based on her failure to elect COBRA coverage. Id. at 1296-97. In reversing this holding, the Third Circuit found no error in the district court's judgment that the claim would fail under § 502(a)(1)(B). See id. at 1296-99. Instead, the court took issue with treating Mrs. Bixler's claim under § 502(a)(1)(B) in the first instance,[8] and declared that Mrs. Bixler's claim could be brought properly as a claim for breach of fiduciary duty under Section 502(a)(3), 29 U.S.C. § 1132(a)(3). Bixler, 12 F.3d at 1299. Thus, contrary to Plaintiff's assertions, it is clear that Bixler is limited to claims under § 502(a)(3). See e.g., Post v. Hartford Ins. Co., 501 F.3d 154, 169, n. 10 (3d Cir. 2007) (similarly declining to apply Bixler to claims under § 502(a)(1)(B)). Plaintiff cites no authority indicating that either a failure to provide notice by, or misrepresentations of coverage made by a plan administrator abrogates Plaintiff's responsibility to plead a legally enforceable entitlement to benefits under § 502(a)(1)(B). Accordingly, Plaintiff's reliance on Bixler is misplaced.

---

[8] Specifically, the court explained that "central to the district court's disposition of this case was the assumption that ERISA does not provide an individual cause of action for breach of fiduciary duty. As such, the court did not reach Mrs. Bixler's fiduciary claims, but rather defined her rights as based only upon her potential entitlement under the terms of the plan and the COBRA notices." Bixler, 12 F.3d at 1298.

Even if Plaintiff's interpretation of <u>Bixler</u> were correct, the claim that Defendants failed to provide COBRA notices and enrollment materials would not be supported by the record. Ceridian sent a letter to Plaintiff on March 6, 2012, explaining that he was entitled to continuation of coverage, the requirements for electing coverage, and that his right to elect coverage expired on May 5, 2012. (Dkt. No 68-1 at 6). Although Plaintiff claims that this notice was inadequate, because it failed to permit Plaintiff to add Sacchi as a beneficiary, (Pl. Br. at 2), this omission did not relieve Plaintiff of his responsibility to pay the required premiums in order to receive coverage. Plaintiff had a two-month window after receiving notice in which to elect coverage. (<u>See</u> Dkt. No. 68-1 at 6). As he failed to do so, his eligibility for COBRA was terminated. Consequently, his benefits did not "vest," and therefore he now has "no right that is legally enforceable against the plan." <u>Hooven</u>, 465 F.3d at 574; 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought – (1) by a participant or beneficiary . . . (B) to recover benefits <u>due</u> to him under the terms of his plan.") (emphasis added). Plaintiff cannot state a claim under § 502(a)(1)(B), and, therefore, the Court affirms the Magistrate Judge's decision as not clearly erroneous or contrary to law.

### C. *Amendment to add a claim for breach of fiduciary duty against Ceridian*

Lastly, Plaintiff challenges the Magistrate Judge's finding that the proposed claim against Ceridian for breach of fiduciary duty under ERISA Sections 404[9] and 405[10] would be futile. In

---

[9] 29 U.S.C. §1104. In relevant part, Section 404 provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries." 29 U.S.C. §1104(a)(1).

[10] 29 § U.S.C. 1105. Section 405 provides for co-fiduciary liability under certain circumstances, such as: (1) the fiduciary participates in or conceals a breach by another fiduciary; (2) the fiduciary has enabled another fiduciary to commit a breach of their fiduciary duties under 29 U.S.C. §1104; or (3) the fiduciary has knowledge of a breach by another fiduciary but does not make reasonable efforts to remedy the breach. 29 § U.S.C. 1105.

assessing a claim for breach of fiduciary duty under ERISA, the threshold question is "not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, performing a fiduciary function) when taking the action subject to complaint." Pegram v. Herdrich, 530 U.S. 211, 226 (2000). Accordingly, to qualify as a fiduciary under ERISA, one must exercise discretionary authority or control over the management of the plan, the plan's assets, or the plan's administration. 29 U.S.C. § 1002(21)(A). In the instant matter, the Magistrate Judge found that the proposed claim would be futile because Plaintiff failed to allege any facts indicating that Ceridian exercised discretionary authority or control over the Plan. (Order at 16). This Court agrees.

Ceridian's role in the Plan is entirely ministerial. Indeed, Ceridian explicitly advised Plaintiff that its functions were "solely ministerial and involve notification, invoicing, collecting and distributing premium payments . . . . Ceridian is not the Plan Sponsor, the Plan Administrator nor an insurer or underwriter." (Dkt. No. 68-1 at 11). Plaintiff's sole argument to the contrary is that Ceridian engaged in discretionary activity by "unilaterally imposing coverage on Plaintiff and making specific enrollment decisions . . . while completely excluding from coverage Plaintiff's dependent."[11] (Pl. Br. at 20). However, this is precisely the same argument that the Magistrate Judge considered and then rejected, stating that "such conclusory assertions, on their own, do not demonstrate that Ceridian had control or authority over the Plan." (Order at 16). Plaintiff fails to cite any precedent, statute, or regulation that would compel a finding that

---

[11] Plaintiff additionally alleges that Ceridian engaged in myriad forms of misconduct, such as discovery abuses and misstatement of facts, in order to conceal its alleged breach of fiduciary duty. (See Pl. Br. at 17-19; Pl. Rep. Br. at 12-16). However, Plaintiff provides no argument that Ceridian acted as a fiduciary in the first instance, and none of the alleged misconduct is probative of whether Ceridian exercised discretionary authority with respect to the Plan. Accordingly, the Court declines to address these issues for the purposes of this appeal.

Ceridian acted as a fiduciary in this case. As such, Plaintiff has not provided the Court with any basis to overturn the Magistrate Judge's decision. See Marks, 347 F. Supp. 2d at 149.

### IV.    CONCLUSION

In sum, the Court finds that Plaintiff has not met his high burden of showing that the Magistrate Judge committed clear error. Plaintiff has neither introduced any new facts nor provided legal precedent showing that the Magistrate Judge's findings of undue delay and undue prejudice were clearly erroneous or otherwise contrary to law. Similarly, Plaintiff has provided the Court with nothing other than bare allegations to demonstrate that Plaintiff is entitled to relief under ERISA Section 502(a)(1)(B) or that Ceridian acted as a fiduciary under the Plan. Accordingly, the Court **AFFIRMS** the Magistrate Judge's Order in its entirety.

Order to follow.

Dated:    3/13/2014             /s/ Freda L. Wolfson
                                The Honorable Freda L. Wolfson
                                United States District Judge